08-5300-cr
USA v. Johnson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

Present:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> DENNY CHIN,
> > *District Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                No. 08-5300-cr

PEARLIE JOHNSON,

> *Defendant-Appellant*.

---

[*] The Honorable Denny Chin of the United States District Court for the Southern District of New York, sitting by designation.

For Appellant:                          LAWRENCE GERZOG, New York, N.Y.

For Appellee:                           ELIZABETH J. KRAMER, Assistant United States
                                        Attorney (Peter A. Norling, Assistant United States
                                        Attorney, *of counsel*), *for* Benton J. Campbell, United
                                        States Attorney for the Eastern District of New York,
                                        Brooklyn, N.Y.


        Appeal from the United States District Court for the Eastern District of New York
(Vitaliano, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the order of the district court be and hereby is **AFFIRMED**.

        Defendant-appellant Pearlie Johnson was convicted (following a jury trial) of being a

felon in possession of ammunition (Count 1) and a felon in possession of a firearm and

ammunition (Count 2) with respect to a "road rage" shooting on July 25, 2005, and a shooting in

an elevator on December 4, 2005.  Prior to trial, the district court denied defendant's motion

pursuant to Federal Rule of Criminal Procedure 14(a) to sever the two counts of the superseding

indictment.  Also prior to trial, the Government moved to admit "other acts" evidence regarding

an uncharged incident on December 9, 2005, pursuant to Federal Rule of Evidence 404(b).  The

district court admitted the evidence over defendant's objections.  On appeal, defendant argues

that the district court abused its discretion both in denying his motion to sever and in admitting

the Rule 404(b) evidence.  We assume the parties' familiarity with the facts, procedural history,

and specification of issues on appeal.

        We review the denial of a Rule 14(a) motion for abuse of discretion.  *See United States v.*

*Werner*, 620 F.2d 922, 926 (2d Cir. 1980).  Demonstrating abuse of discretion in this context is

particularly difficult because the defendant "must show not simply some prejudice but substantial

prejudice." *Id.* at 928. Indeed, the district court's discretion with respect to Rule 14 motions is "virtually unreviewable." *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998) (per curiam); *see also United States v. Rittweger*, 524 F.3d 171, 179 (2d Cir. 2008), *cert. denied*, 129 S. Ct. 1391 (2009) (stating that "in seeking to overturn the denial of a Rule 14 motion, the defendant bears a heavy burden," which requires him to "show prejudice so severe that his conviction constituted a miscarriage of justice") (internal quotation mark omitted).

Defendant primarily argues that the counts charged were not sufficiently related to be tried together and that the district court did not effectively instruct the jury as to counteract the resulting prejudice. But here, proof of each count involved overlapping evidence. *See also* Fed. R. Crim. P. 8(a) (counts may be joined in a single indictment if they "are of the same or similar character"). Moreover, the district court duly issued a limiting instruction—to which defendant did not object—clearly directing the jury to consider each count separately. Because defendant has failed to demonstrate "prejudice so great as to deny him a fair trial," *Salameh*, 152 F.3d at 115, or that the alleged prejudice outweighs the "promot[ion of] judicial efficiency" of trying related counts together, *id.*, we conclude that the district court did not abuse its discretion in denying defendant's Rule 14(a) motion to sever.

We also review the admission of Rule 404(b) evidence for abuse of discretion. *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994). To the extent that an error is evident, the error is subject to harmless error analysis. *United States v. Rea*, 958 F.2d 1206, 1220 (2d Cir. 1992) ("An erroneous ruling on the admissibility of evidence is harmless if the appellate court can conclude with fair assurance that the evidence did not substantially influence the jury."). This Circuit has adopted an "inclusionary" approach to Rule 404(b) evidence, which can be admitted

3

"for any purpose other than to show a defendant's criminal propensity," unless the trial judge

concludes that its probative value is outweighed by the prejudicial impact. *United States v.*

*Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). If Rule 404(b) evidence is admitted, the court must, if

requested, provide a limiting instruction to the jury. *See Huddleston v. United States*, 485 U.S.

681, 691-92 (1988).

With respect to the charged road rage incident on July 25, 2005, defendant argues that the

district court failed to issue a timely limiting instruction regarding the Rule 404(b) evidence of

the December 9, 2005 uncharged incident. Defendant has, however, waived this argument

because defense counsel below clearly contributed to the alleged "delay" by seeking additional

time to submit revisions to the proposed limiting instructions. Indeed, defense counsel took the

position—which the district judge explicitly acknowledged on the record without objection—that

"[reviewing the instructions and submitting revisions] is more important to [the defendant] than

the timing of [the instruction's] actual delivery." It was, in fact, the district court that was

evidently keen to issue a limiting instruction sooner than later. *See United States v. Quinones*,

511 F.3d 289, 321 (2d Cir. 2007) ("The law is well established that if, as a tactical matter, a party

raises no objection to a purported error, such inaction constitutes a true waiver which will negate

even plain error review.") (internal quotation marks omitted).

As to the other acts evidence in the context of the charged elevator incident on December

4, 2005, defendant appears to argue that evidence of the uncharged December 9, 2005 incident

should not have been admissible under any circumstance because the two incidents are wholly

unrelated. Even if the evidence was admitted in error, we conclude that such error was harmless

when assessed against the Government's overwhelming case. More specifically, with respect to

the road rage incident on July 25, there were multiple witnesses who firmly established that the defendant owned the red Hummer involved; defendant was placed near a McDonald's Restaurant with his Hummer; there was an altercation with Paul Jamrogiewicz; the driver of the Hummer, identified as the defendant, had exited the vehicle and shot Jamrogiewicz; Jamrogiewicz later identified Johnson as the driver of the Hummer; and the Hummer was found abandoned just four miles away from the scene with McDonald's debris nearby. As to the December 4 elevator incident, multiple witnesses established that the defendant had shot Trai Kaufmann in the elevator. Indeed, the incident was captured on video and defendant subsequently identified himself in the footage, confirming that he had, in fact, shot Kaufmann. In light of the foregoing, we conclude that the admission of this evidence of the uncharged incident pursuant to Rule 404(b) was not reversible error.

We have considered defendant's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK